# TROY LAW, PLLC

ATTORNEYS / COUNSELORS AT LAW
Tel: 718 762 1324   johntroy@troypllc.com   Fax: 718 762 1342
41-25 Kissena Blvd., Suite 119, Flushing, New York 11355

December 5, 2018

<u>Via ECF</u>
Honorable Robert W. Lehrburger
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   **Letter Motion Requesting Court Approval of Settlement Agreement**
*CHEN et al. v KOTO STEAK HOUSE, INC. d/b/a Koto Japanese Steak House and Sushi Bar et al., 18-cv-03551*

Dear Judge Lehrburger:

Plaintiffs write with pro-se Defendants to jointly report that parties have come to an agreement on settling this matter. As noted in the Settlement-in-Principle report, Plaintiffs and Defendants' settlement reflect in large part their desire to settle fairly and the fact that Plaintiff CHONGHENG CHEN and JENNIFER GUO is the son and daughter-in-law of SUNNY ZHENG, one of the named Defendant and secretary of Corporate Defendants.

**I.   Background**

Plaintiffs CHONGHENG CHEN, and JENNIFER GUO were employed by Defendants KOTO STEAK HOUSE, INC. d/b/a Koto Japanese Steak House and Sushi Bar; KOTO OF PLATTSBURGH, INC. d/b/a Koto Japanese Steak House and Sushi Bar; and C & L KOTO, INC. d/b/a Koto Japanese Steak House and Sushi Bar and CHEN ZHANG, SUNNY ZHENG, and XIANG YUAN HUANG, (collectively, "Defendants"),

This lawsuit was originally filed on May 30, 2018, for violations of the Fair Labor Standards Act and New York Labor Law.  Plaintiffs alleged that pursuant to the FLSA, that they are entitled to recover from the Defendants: (1) unpaid minimum wage, (2) unpaid overtime wages (3) liquidated damages, (4) prejudgment and post-judgement interest; and or (5) attorney's fees and cost. Plaintiffs further alleged pursuant to New York Labor Law § 650 et seq. and 12 New York Codes, Rules and Regulations §§ 146

("NYCRR") that they are entitled to recover from the Defendants: (1) unpaid minimum wage compensation, (2) unpaid overtime compensation, (3) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday, (4) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a paystub that accurately and truthfully lists employee's hours along with the employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day, (5) liquidated damages equal to the sum of unpaid minimum wage, unpaid "spread of hours" premium, unpaid overtime in the amount of twenty five percent under NYLL § 190 et seq., § 650 et seq., and one hundred percent after April 9, 2011 under NY Wage Theft Prevention Act, (6) 9% simple prejudgment interest provided by NYLL, (7) post-judgment interest, and (8) attorney's fees and costs. Defendants deny all of Plaintiffs' claims in its entirety.

## II.     The FLSA Settlement is Fair and Reasonable

Based on the estimated total damages, the amount of Twenty Thousand Dollars ($20,000.00) (inclusive of Plaintiff's legal fees) is fair and the proposed settlement agreement should be approved.  This figure takes into special consideration Plaintiffs' and Defendants' strong interest to settle the case as a familial dispute between mother and son and daughter-in-law rather than engage in protract litigation.

In this context, we note that the litigation risks faced by the parties are substantial. Plaintiffs claimed that they were not paid at least the minimum hourly wage rate for all hours worked, and one and one half times the rate of regular hourly rate in excessing of forty hours (40) in a given workweek. If this settlement agreement does not go through, then the parties would go forward to a full trial on the merits.  Afterward, the determination of the case could be the subject of a further appeal.  The parties anticipate that further litigation would lead to increased litigation costs, use of judicial resources, and extensive delay of resolution.  In light of these factors, including the serious risks posed by further litigation, this settlement agreement is a reasonable compromise over the contested issues and the Court's approval is appropriate.  The parties believe for all of the reasons stated in this letter, the <u>Cheeks v. Freeport Pancake House, Inc.</u>, 796 F. 3d 199, 206 (2d Cir. 2015) factors have been satisfied.

The Settlement Agreement is attached hereto as Exhibit 1.

### A. Plaintiffs' Assessment

Plaintiffs' counsel evaluated Plaintiffs' potential damages by discussing with Plaintiffs in great detail the length of their employment, the nature of their work, the hours they worked, and the pay they received as compensation.

Calculations were made based on this review and the potential damages for the Plaintiffs are as follows:

Plaintiff CHONGHENG CHEN claimed that he worked approximately fifty-nine (58.5) hours on average each week from July 22, 2014 to August 02, 2015; and he was paid One Thousand Six Hundred Dollars ($1,600.00) per month from July 22, 2014 to August 02, 2015.

Plaintiff CHONGHENG CHEN's minimum wage and overtime compensation shortfall without liquidated damages under the FLSA was Two Thousand Three Hundred Seventy-Eight Dollars And Fifty-Seven Cents ($2,378.57) and his minimum wage, overtime compensation and spread-of-hour shortfall under the NYLL was Sixteen Thousand Seven Hundred Seventy-Eight Dollars And Fifty-Seven Cents ($16,778.57). Additionally, Plaintiff claimed Five Thousand Dollars ($5,000.00) for NYLL paystub violations and Five Thousand Dollars ($5,000.00) for NYLL Initial Time-of-Hire Notice Violations, and Five Thousand Fifty-Seven Dollars And Eight Cents ($5,057.08) in New York pre-judgment interest. The sum of one NYLL compensatory and liquidated damages, plus NYLL paystub and time-of-hire notice violation, with prejudgment interest, is Forty-Eight Thousand Six Hundred Fourteen Dollars And Twenty-Two Cents ($48,614.22).

Plaintiff JENNIFER GUO claimed that she worked approximately fifty-nine (58.5) hours on average each week from April 06, 2015 to August 02, 2015; and she was paid One Hundred Ten Dollars ($110.00) per week from April 06, 2015 to August 02, 2015.

Plaintiff JENNIFER GUO's minimum wage and overtime compensation shortfall without liquidated damages under the FLSA was Four Thousand Six Hundred Twenty-Eight Dollars And Seventy-One Cents ($4,628.71) and her minimum wage, overtime compensation and spread-of-hour shortfall under the NYLL was Seven Thousand Four Hundred Seventeen Dollars And Ninety Cents ($7,417.90). Additionally, Plaintiff claimed Five Thousand Dollars ($5,000.00) for NYLL paystub violations and Five Thousand Dollars ($5,000.00) for NYLL Initial Time-of-Hire Notice Violations, and One Thousand Nine Hundred Ninety-Nine Dollars And Seventeen Cents ($1,999.17) in New York pre-judgment interest. The sum of one NYLL compensatory and liquidated damages, plus NYLL paystub and time-of-hire notice violation, with prejudgment interest, is Twenty-Six Thousand Eight Hundred Thirty-Four Dollars And Ninety-Seven Cents ($26,834.97).

Plaintiffs' Damages Calculation is attached hereto as Exhibit 02.

After extensive negotiations, and given the inherent risks of litigation and Defendant's capacity to pay the judgment, Plaintiff and Defendants agreed to settle for the proposed settlement amount of Twenty Thousand Dollars ($20,000.00), inclusive of attorney fees of the Plaintiff's counsel.

## I. The Attorneys' Fees Are Fair and Reasonable

Defendants will provide Plaintiff with a settlement in the amount of Twenty Thousand Dollars ($20,000.00).

Of the Net Settlement Amount, One Third (1/3), or Six Thousand Six Hundred and Sixty Seven Cents ($6,666.67), is due to Plaintiffs' attorneys, Troy Law, PLLC.. Of the Net Settlement Amount, Two Thirds (2/3), or Thirteen Thousand Three Hundred Thirty-Three Dollars And Thirty-Three Cents ($13,333.33) is due to Plaintiffs. In this calculation, Troy Law, PLLC has shouldered one third (1/3) of all out-of-pocket expenses.

The retainer agreements agreed to and signed by Plaintiffs provided that Plaintiffs' counsel could recover One Third (1/3) of net recovery of any settlement in addition to costs and expenses. Plaintiffs' Counsel seek only One Third (1/3) of net recovery of any settlement in addition to costs and expenses. A contemporaneous Time & Billing with itemized expense list is attached (See Exhibit 3).

For the reasons provided above, the parties respectfully seek this Court's approval of the settlement.


Respectfully Submitted,

**TROY LAW PLLC**
*Attorneys for Plaintiffs*


/s/ John Troy
John Troy, Esq.
41-25 Kissena Blvd., Suite 119
Flushing, NY 11355
Tel.: 718 762 1324